United States District Court
Southern District of Texas
**ENTERED**
January 21, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL G. SANCHEZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-00338 |
| | § | |
| LORIE  DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Daniel Sanchez is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division and is currently incarcerated at the McConnell Unit in Beeville, Texas.  Proceeding *pro se*, Sanchez filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on November 7, 2019.  (D.E. 1, 2).  Liberally construed, Sanchez claims that McConnell Unit officials violated his due process rights under the Fifth and Fourteenth Amendments during disciplinary proceedings. Respondent filed a motion for summary judgment on January 8, 2020, to which Sanchez has responded.  (D.E. 16, 18).  As discussed more fully below, it is respectfully recommended that Respondent's amended motion for summary judgment (D.E. 16) be granted and Sanchez's § 2254 petition be denied.  It is further recommended that a Certificate of Appealability ("COA") be denied.

### I.    JURISDICTION

Jurisdiction and venue are proper in this court because the prison disciplinary hearing about which Sanchez complains occurred in Beeville, Bee County, Texas, which

is located in the Corpus Christi Division of the Southern District of Texas.  28 U.S.C.

2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

## II.   BACKGROUND

### a.   Disciplinary and Grievance Records

Sanchez is serving a life sentence after being convicted of enhanced indecency

with a child under 17.  (D.E. 12-1 at 2).  Sanchez does not complain about his conviction,

however, but instead challenges the results of a disciplinary hearing.  (D.E. 1 at 6-7).

In May 2019, Sanchez was charged in an offense report with assaulting an officer

with a weapon without serious injury, creating a disturbance, and refusing or failing to

obey orders.  (D.E. 15-2 at 9).  The charging officer indicated that Sanchez threw his ID

card at her, striking her left arm, and yelled and paced around the law library, causing a

disruption to count time.  (*Id.*).

The hearing record indicated that Sanchez stated in a written statement that all he

did was raise his voice, but he did not assault the officer or otherwise cause a disruption

of operation.  (*Id.* at 3, 5, 15).  Two other offenders stated that Sanchez did not throw his

ID at the officer, but instead asked for it back several times after the officer took it from

him.  (*Id.* at 13-14).  The officer reiterated her statements from the offense report.  (*Id.* at

5-6).  Following the hearing, Sanchez was found guilty[1] and lost 45 days of recreation,

commissary, and telephone privileges and had his line class reduced.  (*Id.* at 3, 5).

In his Step 1 grievance, Sanchez argued that he was not guilty of the charges and

---

[1] It appears that Sanchez may not have been found guilty on the charge of causing a disturbance because that charge has been crossed off.  (D.E. 15-2 at 3, 5).  However, the resolution of that charge does not have an effect on Sanchez's § 2254 petition.

that the officer was retaliating against him for previous issues between them.  (D.E. 15-1 at 3-4).   The warden noted the grievance and, after a review, concluded that the disciplinary case and resulting punishment were valid.  (*Id.* at 4).

Sanchez then filed a Step 2 grievance, reiterating that he had submitted two witness statements supporting his claim and that the officer had no evidence supporting her charge.  (*Id.* at 5).   The reviewing authority concluded that no further action was necessary because the hearing records supported the finding of guilt, the punishment was within established guidelines, and there were no due process violations.  (*Id.* at 6).

###### b.   Petition and Claims

In his petition and attached memorandum, Sanchez first contends that there was not enough evidence to support the disciplinary conviction because he submitted two witness statements in support, while the officer had no witnesses or other evidence to substantiate the claim of assault.  (D.E. 1 at 6).   Second, he argues that no injury occurred, so the charge for assaulting an officer with a weapon without serious injury was improper, citing *Morgan v. Dretke*, 433 F.3d 455 (5th Cir. 2005).  (*Id.* at 7; D.E. 2 at 2). Finally, Sanchez asserts that the case was brought in retaliation for his prior use of the grievance system.  (D.E. 1 at 7).

### III.  DISCUSSION

In the motion for summary judgment, Respondent argues that Sanchez's loss of privileges and reduction in line class are not cognizable under federal habeas law because changes in the condition of confinement do not implicate due process.  (D.E. 16 at 6-8).

Sanchez responds by reiterating that the evidence presented was insufficient to

find him guilty of assault of an officer without serious injury, specifically given the two

witness statements that supported his claim.  (D.E. 18 at 2-4).  He argues that the charges

were falsified to retaliate against him for prior complaints and grievances.  (*Id.* at 3).

In order to be granted a writ of habeas corpus, a petitioner must show that he is in

custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C.

§ 2254(a).  The Supreme Court has described the limited instances in which a prison

inmate can make out a claim that a liberty interest has been taken in a disciplinary

proceeding without due process and acknowledged that, under certain circumstances, a

state may create liberty interests that are protected by the Due Process Clause.  *Sandin v.*

*Conner*, 515 U.S. 472, 483-84 (1995) (citing *Wolff v. McDonnell*, 418 U.S. 539, 94

(1974) and *Meachum v. Fano*, 427 U.S. 215 (1976)).  However, the interests generally

are limited to those which impose "atypical and significant hardship on the inmate in

relation to the ordinary incidents of prison life."  *Id.* at 484.

The Court further noted that the punishment of incarcerated prisoners effectuates

prison management and prisoner rehabilitative goals and that, while prisoners do not shed

all constitutional rights at the prison gate, "'lawful incarceration brings about the

necessary withdrawal or limitation of many privileges and rights, a retraction justified by

the considerations underlying our penal system.'"  *Id.* at 485 (quoting *Jones v. North*

*Carolina Prisoner's Labor Union, Inc.*, 433 US. 119, 125 (1977), and *Price v. Johnston*,

334 U.S. 266, 285 (1948)).  "Discipline by prison officials in response to a wide range of

misconduct falls within the expected perimeters of the sentence imposed by a court of

law."  *Id.*  The touchstone of the inquiry into the existence of a protected, state-created

liberty interest is the nature of the condition in relation to the ordinary incidents of prison life. *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005) (citing *Sandin*, 515 U.S at 484).

"[S]peculative, collateral consequences do not create constitutionally protected liberty interests." *Luken v. Scott*, 71 F.3d 192 (5th Cir. 1995) (*citing Meachum*, 427 U.S. at 229, n.8). "'Prisoners have no protectable property or liberty interest in custodial classifications.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (citing *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998)). *See also Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000) (holding that timing of inmate's release is too speculative to afford him a constitutionally cognizable claim to the right to a particular time-earning status, a right the Texas legislature has specifically denied creating).

In Texas, some inmates are entitled to early release under a mandatory supervision program in which a prisoner sentenced to the institutional division can serve the remainder of his term outside the prison, not on parole, but under the supervision and control of the pardons and paroles division. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (citing Tex. Code Crim. P. art. 42.18 § 2(2)).[2] Prisoners earn good time credits that are added to their actual days served in prison to calculate their release date. Tex. Gov't Code § 508.147. The Fifth Circuit has determined that prisoners have a constitutional expectation of early release under the mandatory supervision program and therefore have a liberty interest with respect to their good time. *Malchi*, 211 F.3d at 957-

---

[2] Currently located at Tex. Gov't Code § 508.001(5).

958.[3]

Here, Sanchez cannot make out a due process cause of action based on either his reduction in line class or his loss of other privileges.  First, as to his reduction in line class, a lower classification of line class limits an inmate's ability to earn good time credits, which could have an effect on his eligibility for parole and, in turn, on the amount of time he is in custody.  However, Sanchez has no protectable liberty interest in a particular custodial classification.  *Harper*, 174 F.3d at 719.  Specifically in the case of a line class designation, the Fifth Circuit has held that the timing of an inmate's release is too speculative to afford him a constitutionally cognizable claim to the right to a particular time-earning status.  *Malchi*, 211 F.3d at 959.  Thus, Sanchez cannot make out a due process claim based on his reduction in line class.  Sanchez's loss of other privileges does not present an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life."  *See Sandin*, 515 U.S. at 484-87 (concluding that even placement in disciplinary segregation does not present a dramatic departure from the basic conditions of an offender's sentence).

Finally, although Sanchez could have a liberty interest in a loss of good time, he did not lose any good time as a result of his disciplinary conviction.  (D.E. 15-2 at 3, 5).  Accordingly, Sanchez's § 2254 petition should be denied.

---

[3] The Fifth Circuit's holding applied to a previous version of the Texas mandatory supervision program, which has since been amended.  *See Malchi*, 211 F.3d at 958.  The Fifth Circuit has concluded that prisoners have a protected liberty interest under the amended version as well.  *Teague v. Quarterman*, 482 F.3d 769, 776 (5th Cir. 2007).

## IV.    CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Sanchez has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack v. Daniel*, 529 U.S. 473, 484 (2000).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.  Where a claim is dismissed on a procedural ground, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, because reasonable jurists would not find it debatable that Sanchez failed to state a claim for a violation of a constitutional right, it is recommended that a COA be denied.

## V.   RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 16) be GRANTED and Sanchez's § 2254 petition be DENIED.   In addition, it is further recommended that any request for a Certificate of Appealability be DENIED.

Respectfully submitted this 21st day of January, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).