UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL G. SANCHEZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-338 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Respondent's motion for summary judgment (D.E. 16), together with Petitioner's response (D.E. 18). On January 21, 2020, United States Magistrate Judge Julie K. Hampton issued a Memorandum and Recommendation (D.E. 19), recommending that Respondent's motion be granted, that Petitioner's petition for habeas corpus relief be dismissed, and that a certificate of appealability be denied. Petitioner timely filed his objections (D.E. 23) on February 4, 2020.

Petitioner's action is based on alleged violations of his Fifth and Fourteenth Amendment due process rights in connection with a disciplinary conviction. In particular, he complains that there is insufficient evidence to support his conviction and he objects that the Magistrate Judge failed to follow *Morgan v. Dretke,* 433 F.3d 455, 456 (5th Cir. 2005). *Morgan* involved a successful challenge to a disciplinary conviction because it was not supported by sufficient evidence.

The Magistrate Judge correctly found that the punishments accompanying Petitioner's disciplinary conviction did not implicate a liberty interest, thus defeating his

1 / 3

constitutional due process claims. In fact, Petitioner concedes his lack of a liberty interest in his objections. D.E. 23, p. 2. To the contrary, the *Morgan* conviction included the loss of good time credits, which implicate a liberty interest and support a review of the disciplinary conviction for sufficiency of the evidence. It is for this reason that Petitioner's action does not fall within the holding of *Morgan*. The Magistrate Judge's analysis was correct and Petitioner's objection is OVERRULED.

Petitioner further objects that the Magistrate Judge did not address his claim that the false disciplinary action was brought as retaliation for his exercise of free speech, violating his First Amendment rights. It is true that Ground Four of his petition states such a complaint and that the Magistrate Judge did not address it. D.E. 1, p. 7. However, Petitioner's request for relief sought only the reversal and expunction of his disciplinary conviction.

A constitutional claim that, if successful, would not entitle the prisoner to accelerated release—but rather addresses the conditions of confinement—must be brought in a civil rights action under 42 U.S.C. § 1983. It is not subject to adjudication in a habeas proceeding. *See Carson v. Johnson*, 112 F. 3d 818, 821 (5th Cir. 1997). Consequently, Petitioner is not entitled to any relief in this habeas action for any alleged free speech violation. The Court SUSTAINS the objection, but DISMISSES WITHOUT PREJUDICE the First Amendment claim.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's objections, and all other relevant documents in the record, and having made a

de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's first objection and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Respondent's motion (D.E. 16) is **GRANTED** and Petitioner's claims seeking reversal and expunction of his disciplinary conviction are **DISMISSED WITH PREJUDICE**. The Court **SUSTAINS** Petitioner's second objection. Petitioner's claim for violation of his right to freedom of speech is **DISMISSED WITHOUT PREJUDICE.** Petitioner's request for a certificate of appealability is **DENIED.**

ORDERED this 28th day of February, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE